**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLIGENT WATER SOLUTIONS, | § § | |
| Plaintiff | § § | |
| vs. | § § | Case No. 2:16-cv-00689-JRG |
| KOHLER CO., | § § | |
| Defendant. | § § | |

**Defendant Kohler Co.'s Answer to Plaintiff's**
**First Amended Complaint for Patent Infringement**

Defendant, Kohler Co., ("Kohler") answers Plaintiff Intelligent Water Solutions, LLC's ("IWS") First Amended Complaint for Patent Infringement as follows:

### I.     Nature of the Action

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, et seq., to obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe Plaintiff Intelligent Water Solutions, LLC's United States patent, as described herein.

**ANSWER:**     Kohler admits that this is an action for patent infringement arising under the patent laws of the United States of America.  Kohler denies the remaining allegations set forth in Paragraph 1 of the Complaint and specifically denies any infringement.

### II.     Parties

2.     Plaintiff Intelligent Water Solutions, LLC ("IWS" or "Plaintiff") is a company organized and existing under the laws of the State of Texas, with its principal place of business located at 8616 Turtle Creek Boulevard, Suite 521, Dallas, Texas 75225.

**ANSWER:**     Kohler lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.     On information and belief, Defendant Kohler Co. ("Kohler" or "Defendant") is a Wisconsin corporation with a head office at 444 Highland Drive, Kohler, Wisconsin 53044.

Kohler's registered agent for service of process is C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**ANSWER:**   Kohler admits the allegations set forth in Paragraph 3 of the Complaint.

### III.   Jurisdiction and Venue

4.   This is an action for patent infringement which arises under the patent laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

**ANSWER:**   Kohler admits that this is an action for patent infringement under the patent laws of the United States of America.  Kohler denies any remaining allegations set forth in Paragraph 4 of the Complaint and specifically denies any infringement.

5.   This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**   Kohler admits the allegations set forth in Paragraph 5 of the Complaint.

6.   This Court has personal jurisdiction over Defendant, and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400.

**ANSWER:**   Kohler admits that this Court has personal jurisdiction over it.  Kohler denies that venue is proper in this Court.  Kohler denies any of the remaining allegations set forth in Paragraph 6 of the Complaint.

### IV.   Plaintiff's Patent

7.   The '764 Patent, entitled "Fluid and Gas Supply System" issued on September 11, 2001. At a high level, the '764 Patent discloses fluid delivery systems that control temperature, flow rate, and volume at a system outlet.  The claimed systems utilize fluid supply control valves and accompanying actuators to regulate the respective flows of hot and cold fluids and a resultant mixed flow at an outlet of the system.  A user interface is included for selecting and monitoring fluid parameters such as desired temperature, flow rate, and volume at a system outlet.  A system control means is tasked with achieving a user's selected fluid parameters by controlling the valve actuators based on signals from a thermosensor and the user interface.  Additionally, the claimed systems can include a remote system for monitoring and controlling the fluid parameters and an external data storage and input means for transferring data related to fluid parameters to the system control means.   A true and correct copy of the '764 Patent is attached as **Exhibit A**.

**ANSWER:**   Kohler admits the allegations set forth in the first sentence of Paragraph 7 of the Complaint. Kohler denies all of the remaining allegations set forth in Paragraph 7 of the

Complaint.

8. IWS is the current assignee of the '764 Patent, and has all rights to sue for infringement and collect past and future damages for the infringement thereof.

**ANSWER:** Kohler lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. The '764 Patent was born out of the inventors' frustration with conventional technology for controlling and monitoring the characteristics of the water in the shower, for example achieving and maintaining a specific water temperature. Consequently, the inventors developed a system that would allow a user to set a desired temperature, flow rate, and volume for a supplied fluid that would be automatically controlled by the patented system. The inventors' experimental prototype for practicing their invention is pictured below.



The experimental prototype (above) included a breadboard, bathroom sink faucet, and stepper motor.

**ANSWER:** Kohler lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 of the Complaint.

### V. Defendant's Acts

10. Defendant provides hardware and software that form a showering system for controlling and maintaining user-selected fluid parameters. For example, the DTV showering

systems, including the DTV Prompt, allow a user to set the temperature, volume, and flow rate to be maintained when they take a shower.  The DTV systems employ user interfaces in the shower stall, and external to the shower stall, for users to enter their desired fluid parameters.  These user interfaces are not only capable of accepting input from the user, but are also operable to provide feedback to the user for monitoring one of the fluid parameters.  The DTV systems use digital thermostatic valves to control the various fluid parameters.  A general depiction of the primary components of the DTV Prompt shower systems is included below.



http://www.us.kohler.com/webassets/kpna/catalog/pdf/en/1143086_2.pdf, p.5

**ANSWER:**   Kohler admits that the diagram included in Paragraph 10 of the Complaint provides a general depiction of components of the DTV Prompt shower system.  Kohler denies all of the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Moreover, Defendant provides its customers with the accused products and software and instructs its customers to use the products and software in an infringing manner, including through its website at http://www.us.kohler.com/us/static/helpTopics.jsp and the Homeowners Guide for the Digital Interface of the DTV Prompt system, available at http://www.us.kohler.com/webassets/kpna/catalog/pdf/en/1214635_5.pdf.

**ANSWER:**   Kohler denies the allegations set forth in Paragraph 11 of the Complaint.

12. In addition, Defendant knowingly, actively induced and continues to knowingly, actively induce (and/or is willfully blind to) infringement of the '764 Patent within this District by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the '764

Patent, and its claims, with knowledge that its customers will use, market, sell, and offer to sell infringing products in this District and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this District and elsewhere in the United States by creating and disseminating promotional and marketing materials, instructional materials, product manuals, and technical materials related to the infringing products.  Defendant instructs its customers or users to configure, set up, and install the accused products such that they operate in an infringing manner.  As seen in the diagram and sources referenced above, Defendant instructs users to deploy the accused products in a role where it will function to control and maintain specific fluid parameters in a shower.  Defendant generally describes the infringing functionality in its advertising materials and user manuals:



http://www.us.kohler.com/us/DTV-Prompt-Digital-Showering-System/content/dtvprompt1_productstory.htm.

       **ANSWER:**    Kohler denies the allegations set forth in Paragraph 12 of the Complaint.

13.     Moreover, Defendant knowingly contributes to the infringement of the '764 Patent by others in this District, and continues to contribute to the infringement of '764 Patent by others in this District by selling or offering to sell components of infringing products in this District, which components constitute a material part of the inventions of the '764 Patent, knowing of the '764 Patent and its claims, knowing those components to be especially made or especially adapted for use to infringe the '764 Patent, and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use.  The accused products are not staple articles or commodities of commerce because they are specifically designed to perform the claimed functionality.  Any other use of the accused products would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.  Defendant has not implemented a design around or otherwise taken any remedial action with respect to the '764 Patent.

**ANSWER:**   Kohler denies the allegations set forth in Paragraph 13 of the Complaint.

### VI.   Count I - Infringement of U.S. Patent No. 6,286,764

14.     Plaintiff IWS re-alleges and incorporates herein paragraphs 1–13.

**ANSWER:**   Kohler restates its answers to Paragraphs 1 through 13 of the Complaint as if fully set forth herein.

15.     IWS is the assignee and owner of all right, title and interest to the '764 Patent.  IWS has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

**ANSWER:**   Kohler lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     The '764 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:**   Kohler denies the allegations set forth in Paragraph 16 of the Complaint.

### Direct Infringement (35 U.S.C. § 271(a))

17.     Defendant has directly infringed, and continues to directly infringe, one or more claims of the '764 Patent in this judicial District and elsewhere in Texas and the United States.

**ANSWER:**   Kohler denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant has directly infringed, and continues to directly infringe the '764 Patent, including but not limited to at least one or more of Claim 1, Claim 3, Claim 4, Claim 6, Claim 7, Claim 24 and claims dependent therefrom, by, among other things, making, using, offering for sale, selling, and/or importing, showering systems that control fluid temperature, flow rate, and volume at the system's outlet.  Such devices include, but are not limited to, the DTV Prompt, and

all reasonably similar products of Defendant.

        **ANSWER:**    Kohler denies the allegations set forth in Paragraph 18 of the Complaint.

### Indirect Infringement (Inducement - 35 U.S.C. § 271(b))

        19.    Based on the information presently available to IWS, IWS contends that Defendant has indirectly infringed, and continues to indirectly infringe, one or more claims of the '764 Patent by inducing direct infringement by third parties, specifically including end-users of the products accused of infringing the '764 Patent, in this District and elsewhere in the United States.

        **ANSWER:**    Kohler denies the allegations set forth in Paragraph 19 of the Complaint.

        20.    On information and belief, despite having knowledge of the '764 Patent, Defendant has specifically intended for persons who acquire and use the accused products, including without limitation end-users of the accused products, to acquire and use such devices in such a way that infringes the '764 Patent, including but not limited to at least one or more of Claim 1, Claim 3, Claim 4, Claim 6, Claim 7, and Claim 24. Defendant knew or should have known that its actions were inducing infringement.

        **ANSWER:**    Kohler denies the allegations set forth in Paragraph 20 of the Complaint.

        21.    Defendant has had knowledge of the '764 Patent and the infringing nature of its activities at least as early as the date when IWS effected service of this Complaint.

        **ANSWER:**    Kohler denies the allegations set forth in Paragraph 21 of the Complaint.

        22.    Direct infringement is the result of activities performed by third parties in relation to the accused products, including without limitation by end-users enabled and encouraged by Defendant to use the accused products in their normal, customary way to infringe the '764 Patent.

        **ANSWER:**    Kohler denies the allegations set forth in Paragraph 22 of the Complaint.

        23.    With knowledge of the '764 Patent, Defendant directs and aids third parties, including without limitation end-users of the accused products, to infringe the '764 Patent by, among other things, (i) enabling a user of the accused products to use the products to control fluid temperature, flow rate, and volume at the showering system's outlet, as claimed in the '764 Patent; (ii) providing instructions (including, by way of example, technical documents, installation instructions, user manuals, and other training located at http://www.us.kohler.com/us/static/customerSupport.jsp, http://www.us.kohler.com/us/static/helpTopics.jsp and http://www.kohler.com/maintenancevideos) to end-users of the accused products for using the products in their customary way; (iii) advertising the accused products' support of controlling fluid temperature, flow rate, and volume at the showering system's outlet; and (iv) providing to third parties the products, software, and related equipment that may be required for or associated with infringement of the '764 Patent, all with knowledge that the induced acts constitute patent infringement. Defendant possesses specific intent to encourage infringement by third parties, including without limitation end-users of the accused products. **Exhibit B** includes examples of Defendant's instructions to users and

technical implementers of the accused products regarding controlling fluid temperature, flow rate, and volume at the showering system's outlet:



**Exhibit B** at 7, available at:
http://www.us.kohler.com/webassets/kpna/catalog/pdf/en/1214635_5.pdf

    **ANSWER:**    Kohler denies the allegations set forth in Paragraph 23 of the Complaint.

**Indirect Infringement (Contribution - 35 U.S.C. §§ 271(c) and/or (f))**

24. Based on the information presently available to IWS, Defendant has indirectly infringed, and continues to indirectly infringe the '764 Patent, including but not limited to at least one or more of Claim 1, Claim 3, Claim 4, Claim 6, Claim 7, Claim 24, and other dependent claims, by contributing to the infringement of the '764 Patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the accused products.

**ANSWER:** Kohler denies the allegations set forth in Paragraph 24 of the Complaint.

25. The accused products are specially adapted to the control fluid temperature, flow rate, and volume at the showering system's outlet in the manner specified in the claims identified above. Defendant thus knows that the accused products (i) constitute a material part of the inventions claimed in the '764 Patent; (ii) are especially made or adapted to infringe the '764 Patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are capable of controlling fluid temperature, flow rate, and volume at the showering system's outlet as claimed in the '764 Patent.

**ANSWER:** Kohler denies the allegations set forth in Paragraph 25 of the Complaint.

26. On information and belief, Defendant intends to and will continue to directly and indirectly infringe the '764 Patent. IWS has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is thus liable to IWS in an amount that adequately compensates IWS for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:** Kohler denies the allegations set forth in Paragraph 26 of the Complaint.

### VII. Willful Infringement

27. Defendant has had knowledge of the '764 Patent prior to this law suit and continued its infringement. On information and belief, such continued infringement has been objectively reckless including because Defendant has (1) acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) knew or should have known of that objectively high risk. Defendant acquired knowledge of the '764 Patent at least through their own patent prosecution activities. The '764 Patent was cited by during the prosecution of three separate patents of Defendant. The earliest date on which the '764 Patent was cited during prosecution of one of Defendant's patents was on January 14, 2010 during the prosecution of Defendant's U.S. Patent No. 7,889,187 in an Information Disclosure Statement by Applicant. Additional citations to the '764 Patent occurred during the prosecution of Defendant's United States Patent No. 9,128,495 and USD741,454. Accordingly, Defendant is knowingly or with reckless disregard willfully infringing the '764 Patent.

**ANSWER:** Kohler denies the allegations set forth in Paragraph 27 of the Complaint.

28. This objectively-defined risk was either known or so obvious that it should have

been known to Defendant. Accordingly, ComCam seeks enhanced damages pursuant to 35 U.S.C. § 284.

**ANSWER:** Kohler denies the allegations set forth in Paragraph 28 of the Complaint.

## VIII. Jury Demand

29. Plaintiff IWS demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

**ANSWER:** Kohler admits that IWS has demanded a trial by jury of all matters to which it is entitled to trial by jury, pursuant to Federal Rule of Civil Procedure 38.

### Affirmative Defenses

Defendant Kohler Co. asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on the plaintiff:

### *First Affirmative Defense – Invalidity of the '764 Patent*

IWS is barred from the relief it seeks for infringement of the '764 Patent because the claims of the '764 Patent are invalid for failing to meet one or more conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112. For example, the claims of the '764 Patent are anticipated or rendered obvious under 35 U.S.C. §§ 102 and 103 by prior art references such as: EP 019527A2, among others. The '764 Patent fails to inform with reasonable certainty those skilled in the art of the scope of the invention contrary to 35 U.S.C. § 112. For example, claim phrases such as "system control means" are unclear. Finally, the '764 Patent is invalid under 35 U.S.C. § 112(f) because if fails to disclose adequate structure for performing the function described in means-plus-function claims, such as "system control means." For at least the foregoing reasons, the '764 Patent is invalid.

*Second Affirmative Defense – Non-Infringement of the '764 Patent*

IWS is barred from the relief it seeks for infringement of the '764 Patent because Kohler has not infringed, induced infringement of, or contributed to the infringement of any valid claim of the '764 Patent.

**Jury Demand**

Defendant Kohler Co. hereby requests a trial by jury on all issues properly tried to a jury.

# # #

Dated:  December 21, 2016

Respectfully submitted,

/s/ Arthur Gollwitzer III
Arthur Gollwitzer III  (24073336)
 agollwitzer@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
2801 Via Fortuna, Suite 300
Austin, TX 78746
Telephone:  512-640-3161

Rachel N. Bach (pro hac vice)
 rnbach@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202
Telephone:  414-271-6560

*Attorneys for Defendant Kohler Co.*

## Certificate of Service

I, Arthur Gollwitzer III, an attorney of record in this matter, certify that on December 21, 2016, I caused a copy of the following document:

**Defendant Kohler Co.'s Answer to Plaintiff's
First Amended Complaint for Patent Infringement**

to be filed with the Clerk of Court of the United States District Court for the Eastern District of Texas by electronic (ECF) filing, which provides service on all counsel of record by e-mail delivery to the following:

Eric M. Albritton
Shawn A. Latchford
Albritton Law Firm
PO Box 2649
Longview, TX 75606
ema@emafirm.com
sal@emafirm.com


Jay D. Ellwanger
Daniel L. Schmid
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway
Suite 350
Austin, TX 78731
jellwanger@dpelaw.com
dschmid@dpelaw.com


                                                */s/ Arthur Gollwitzer III*
                                                Arthur Gollwitzer III